cross motion denied, and respondents are directed to reinstate petitioners, with back pay, less the amount of compensation earned in any other employment or occupation and any unemployment benefits they may have received. No findings of fact were presented for review. By virtue of passing civil service examinations, petitioners were appointed to the position of Building Inspector III. Subsequently, the position of Property Conservation Trainee (trainee) was created. Thereafter, effective July 1, 1975, respondents abolished petitioners' position and separated them from the payroll. Since that date, the less qualified and more recently employed trainees have performed petitioners' duties. We hold that petitioners' position was not effectively abolished where trainees, persons not appointed in accordance with the provisions of the Civil Service Law, were improperly employed in the same position as the ousted civil service employees (see *Matter of Wipfler v Klebes,* 284 NY 248; *Matter of Folkes v Hushion,* 283 NY 536; *Matter of Baron v Mackreth,* 30 AD2d 810, affd 26 NY2d 1039). Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALIH ALI ABDALLAH, Also known as SELIAS RICHARDSON, Appellant.—Judgment of the Supreme Court, Kings County, rendered August 5, 1974, affirmed. The case is remitted to the Criminal Term so that defendant may be sentenced *nunc pro tunc* on count 15 of the indictment (see *People v Rahman,* 52 AD2d 640). Martuscello, Acting P. J., Christ, Shapiro, Titone and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUSUF ABDALLAH ALMUSSIDIG, Also Known as JOSEPH SULLIVAN, Appellant.—Judgment of the Supreme Court, Kings County, rendered August 5, 1974, affirmed. The case is remitted to the Criminal Term so that defendant may be sentenced *nunc pro tunc* on count 15 of the indictment (see *People v Rahman,* 52 AD2d 640). Martuscello, Acting P. J., Christ, Shapiro, Titone and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP J. CUSANO, Appellant.—Judgment of the County Court, Nassau County, rendered June 5, 1975, affirmed. No opinion. The case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Martuscello, Acting P. J., Christ, Shapiro, Titone and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERCY JOHNSON, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Queens County, imposed March 8, 1974, upon his conviction of unlawful imprisonment in the first degree, upon his plea of guilty, the sentence being an indeterminate prison term not to exceed four years, to run consecutively with a previously imposed Federal sentence. Sentence affirmed. The consecutive sentence imposed was valid pursuant to the provisions of section 70.25 of the Penal Law. Latham, Acting P. J., Margett, Damiani, Titone and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORINE NEWSON, Appellant.—Judgment of the Supreme Court, Kings County, rendered May 14, 1975, affirmed. No opinion. The case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). Martuscello, Acting P. J., Christ, Shapiro, Titone and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRUZ PINZON, JR., Also Known as CRUZ PINZON BARBOSA, JR., Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, ren-